UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JAN 13 2010

P.M.
TIME A.M.

-------------------------------------------------------------X

JOSEPH LICHTENSTEIN,

                         Plaintiff,

                                                    07 CV 1653 (DLI) (LB)

           -against-

REASSURE AMERICAN LIFE INSURANCE
COMPANY; DISABILITY MANAGEMENT
SERVICES, INC.; and ROBERT D. HOFFMAN, JR.,

                         Defendants.

-------------------------------------------------------------X

JOSEPH LICHTENSTEIN,

                         Plaintiff,

                                                    07 CV 1680 (DLI) (LB)

           -against-

MASSACHUSETTS MUTUAL LIFE
INSURANCE CO.; MS. SUSAN RENTZ;
and, MS. SHEILA SACCO,

                         Defendants.

-------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**


**ORDER**

On December 15, 2009, the Second Circuit dismissed plaintiff's August 11, 2009 interlocutory appeals in these cases. The Court therefore lifts the previously imposed stay and sets April 26, 2010 as the new deadline for the parties to complete all discovery.

1

Discovery is the process by which the parties request information from each other regarding their claims or defenses. Discovery requests are not made to the Court. Discovery is governed by Rules 26 through 37 of the Federal Rules of Civil Procedure and is conducted between the parties without the Court's involvement. Pursuant to Fed. R. Civ. P. 33 and 34, plaintiff may request, in writing, answers to questions and documents from defendants' attorney. The more specific the request, the more likely the information will be produced. Generally, parties must respond to discovery requests in writing within thirty (30) days. Since April 26, 2010 is the deadline for the *completion* of all discovery, requests to the opposing party must be served at least thirty (30) days before that deadline. Plaintiff should always keep a copy of all requests and responses sent to defendants; plaintiff should never send an original document, only a copy. Fed. R. Civ. P. 5(d) prohibits litigants from filing discovery materials in the Court.

The parties may conduct depositions upon oral examination pursuant to Fed. R. Civ. P. 30. An oral deposition is a seven (7) hour question-and-answer session in which the person being deposed testifies under oath or affirmation. The deposition in its entirety, both the questions and answers, are transcribed by the court reporter and may be used in the litigation. If a party receives written notice to appear for a deposition but is unable to appear at the date and time stated in the notice, that party shall promptly contact the opposing party to request that the deposition be rescheduled for another date. If plaintiff wishes to conduct one or more depositions but cannot afford to hire a court reporter to administer the required oath and record the deponent's testimony, see Fed. R. Civ. P. 28 and 30(c), plaintiff may conduct depositions upon written questions pursuant to Fed. R. Civ. P. 31. Each party bears their own costs of conducting discovery.

Before requesting the Court's assistance regarding a discovery dispute, the parties must make a good faith effort to resolve the dispute with one another. Fed. R. Civ. P. 26(c); Local Civil Rule 37.3. For example, if plaintiff has requested materials and defendants have not responded within thirty days, plaintiff must make a good faith effort to resolve the issue with defendants'

counsel before seeking the Court's intervention. Under the Federal Rules of Civil Procedure, any submission to the Court must first be served on the adversary or the Court cannot consider *it.* Fed. R. Civ. P. 5.

If defendants intend to file a motion for summary judgment, defendants' counsel shall write to Judge Irizarry by May 24, 2010 to request a premotion conference.

SO ORDERED.

LOIS BLOOM
United States Magistrate Judge

Dated: January 11, 2010
      Brooklyn, New York